177 So.2d 624 (1965)
John B. TALLEY and J. B. Talley & Company, Inc., Plaintiffs and Appellees,
v.
M. T. BRADLEY and M. T. Bradley & Sons, Defendants and Appellants.
No. 1472.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1965.
*625 Deshotels & Maraist, by Frank Maraist, Abbeville, for defendant-appellant.
Willis & Willis, by Earl H. Willis, St. Martinville, and J. Nolan Sandoz, Abbeville, for plaintiffs-appellees.
Before TATE, FRUGE and HOOD, JJ.
HOOD, Judge.
Plaintiffs, John B. Talley and J. B. Talley & Company, Inc., instituted this action against M. T. Bradley and against M. T. Bradley & Sons, a Louisiana partnership, to obtain judgment in favor of one of the plaintiffs, J. B. Talley & Company, Inc., for an amount allegedly due that plaintiff by the defendants as rental of certain items of movable property. A few days after the suit was filed, the last named plaintiff, J. B. Talley & Company, Inc., obtained a writ of sequestration, without bond, and pursuant to that writ a number of items of movable property, which were then in possession of defendants, were sequestered. Most of the items seized were being used by defendants in their road construction business, and they included trucks, bulldozers, scraper units, welding machines and toolhouses.
On the same day the instant suit was filed, another action was instituted by the same plaintiffs against one of the defendants herein, M. T. Bradley, demanding judgment in favor of the corporation and against said defendant for a sum of money alleged to be due that corporation by the defendant as rental of three Caterpillar *626 tractors. Upon application of one of the plaintiffs, a writ of sequestration was obtained ordering the Sheriff of Vermilion Parish to seize the three tractors. The tractors were never sequestered, however, because they could not be found in Vermilion Parish.
In each of these suits, and on motion of the defendant or defendants, a rule was issued directing plaintiffs to show cause why the writ of sequestration should not be dissolved and why plaintiffs should not be condemned to pay damages to defendants for the wrongful issuance of such writ. The cases were consolidated for the purpose of disposing of those motions, and after trial a separate judgment was rendered by the trial court in each case dissolving the writ of sequestration and condemning plaintiff, J. B. Talley & Company, Inc., to pay to the defendants damages in the sum of $125.00, representing the attorney's fees incurred in dissolving the writ, but rejecting defendants' demands for additional damages. Defendants have appealed from these judgments, and the cases have been consolidated for the purpose of these appeals. We are rendering judgment in the companion case on this date. See Talley v. Bradley, 177 So.2d 629.
In this court, a motion to remand has been filed by plaintiffs-appellees in each case. These motions are based on the ground that the judgments rendered by the trial court are interlocutory judgments, that they are not appealable unless the appellants can show that the failure to allow an appeal would cause irreparable injury, and that in this instance the defendants have failed to show irreparable injury. We direct our attention first to this motion to remand.

On Motion to Remand
Plaintiffs correctly point out that the cases have not been tried on the merits. The only hearings which have been held in these suits have been on exceptions, and on rules directing plaintiffs to show cause why the writs of sequestration should not be dissolved and why plaintiffs should not be condemned to pay damages to defendants for the wrongful issuance of such writs. In each case, however, judgment was rendered by the trial court decreeing the dissolution of the writ of sequestration, ordering the Sheriff to restore possession of the property seized to the defendants, and condemning plaintiff, J. B. Talley & Company, Inc., to pay to the defendants the sum of $125.00 as damages. A formal decree to that effect was rendered and signed by the trial judge in each case.
LSA-C.C.P. Article 1841, which defines judgments, states:
"A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment."
LSA-C.C.P. Article 2083, relating to appeals, provides:
"An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury."
Article 1842 of the Louisiana Code of Civil Procedure provides that "[a] final judgment is definitive when it has acquired the authority of the thing adjudged." Article 1038 provides that "[w]hen the principal and incidental actions are tried separately, the court may render and sign separate judgments thereon." And Article 1915 of that Code, relating to partial judgments, *627 contains the following pertinent provisions:
"A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
* * * * * *
(4) Renders judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case."
The above cited authorities, and the comments of the reporters appearing under LSA-C.C.P. Article 1915, indicate that a final judgment may be rendered by the trial court on an incidental demand when that demand has been tried separately, and that such a judgment is appealable.
In Cary v. Richardson, 35 La.Ann. 505, the plaintiff sought a judgment dissolving a partnership and condemning defendant to pay amounts alleged to be due plaintiff. After trial, a judgment, termed "interlocutory," was rendered decreeing the dissolution of the partnership and appointing auditors to examine the accounts and report back to the court. The defendant appealed, and plaintiff moved to dismiss the appeal on the ground that the judgment was interlocutory in nature and thus was not appealable. In denying the motion to dismiss, our Supreme Court stated:
"* * * if an interlocutory order will finally affect the merits of the case, or deprive a party of any benefit which he may have at the final hearing, an appeal is allowable. It is not always absolutely required to dispose of the entire merits of a cause and all the parties before the court, as a necessity to a final decree. Any order or decree finally settling any right or interest in controversy between the parties to a cause is final and reviewable * * *." (emphasis added).
In the official revision comments appearing under Article 1841 of the Code of Civil Procedure, the reporters noted the rule which was applied in Cary v. Richardson, supra, and they indicated that the third paragraph of that Article was inserted in order that this jurisprudential rule would be incorporated into our procedural statutes.
In Voisin v. Luke, La.App. 1 Cir., 142 So.2d 815, the case of Cary v. Richardson, supra, was cited and applied, and the court recognized "that a judgment may assume the aspects of finality even though some future order of the court may be necessary to render it efficacious or executory."
Although the judgment appealed from in the instant suit did not decide all points in controversy between the parties, it did constitute a final judgment on the incidental demand of defendants for damages for the wrongful issuance of the writ of sequestration. As to that issue it has acquired the authority of the thing adjudged. The judgment, at least in part, was one for the payment of money, and after the expiration of the delays provided in Article 2252 it could be executed by a writ of fieri facias. See LSA-C.C.P. Article 2291.
Our conclusion is that the judgments appealed from in these consolidated cases are final judgments, and that under the provisions of LSA-C.C.P. Article 2083, they are appealable. The motion to remand the case to the trial court, therefore, is denied.

On the Merits
The remaining question presented relates to the amount of damages which defendants sustained as a result of the wrongful issuance of the writ of sequestration.
*628 Defendants in the instant suits contend that they are entitled to recover damages for loss of profits, mental anguish, loss of reputation, damages to their credit rating and business relations with others, and for the attorney's fees which they have obligated themselves to pay in connection with the dissolution of the writs of sequestration. The trial judge awarded defendants damages in the amount of $125.00 in each case, making an aggregate award of $250.00, as reimbursement of the expense incurred by them for attorney's fees, but he rejected all other claims for damages by defendants for the reason that none of the other damages "have been proved to the satisfaction of the court."
LSA-C.C.P. Article 3506 provides:
"The defendant by contradictory motion may obtain the dissolution of a writ of attachment or of sequestration, unless the plaintiff proves the grounds upon which the writ was issued. If the writ of attachment or of sequestration is dissolved, the action shall then proceed as if no writ had been issued.
The court may allow damages for the wrongful issuance of a writ of attachment or of sequestration on a motion to dissolve, or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of the writ may be included as an element of damages whether the writ is dissolved on motion or after trial on the merits."
Where the sequestration has been wrongfully issued, the defendant is entitled to recover the actual damages which he sustained as a result thereof, including damages for loss of profit and loss of use of the movables sequestered. The proof to substantiate such claims of damages, however, must be clear and definite and not subject to conjecture. Tri-State Finance Corporation v. Surry, La.App. 2 Cir., 139 So.2d 100; and Ralph's Fleet, Inc. v. American Marine Corporation, La.App. 4 Cir., 157 So.2d 317.
In the instant suits, M. T. Bradley and Mack A. Bradley, two of the partners who compose the defendant partnership, testified that because of the seizure of their equipment they were unable to enter into a dirt moving contract with W. P. Cobb Contractors, under the terms of which agreement the partnership would have realized a profit of more than $17,000. Mr. W. P. Cobb testified, however, that although he talked to defendants generally about the "possibility" of such a contract, he made no offer to them at all. We agree with the trial judge that the evidence fails to establish that defendants could have obtained such a contract or realized such a profit, even if the equipment had been available to them, and thus they have failed to show that they sustained that particular alleged loss because of the sequestration.
One of the partners, Mack A. Bradley, testified that at the time of the seizure the partnership was performing some dirt moving work under a contract with Rasberry and Clark, and that because of the seizure it was necessary for them to rent equipment to complete the job at a cost of between $2,300.00 and $2,400.00. Another partner mentioned the fact that he had worked for Rasberry and Clark after they discontinued working for plaintiff Talley, but neither he nor anyone else testified as to any loss or inconvenience which they sustained for any reason in the performance of that contract. No person connected with the firm of Rasberry and Clark was called as a witness, and no receipts, documents or contracts were offered tending to show that the partnership had performed any work for Rasberry and Clark or that they had rented any equipment while the writ of sequestration was in effect. Under those circumstances we cannot say that the trial judge erred in refusing to accept the statement of one of the defendant partners that this additional expense for the rental of equipment was incurred by the partnership, or if so, that it was made necessary because of the sequestration.
*629 The evidence does not show that defendants sustained any damages for mental anguish, loss of reputation, or injury to their credit rating or business relations with others.
We agree with the trial judge that defendants are entitled to recover the expenses which they incurred as attorney's fees in connection with the dissolution of the writ of sequestration. And we are aware of the rule that in fixing the amount due for attorney's fees in suits of this nature, the court has a right to apply its own knowledge of such matters and fix a fee which it considers reasonable under the circumstances. Perritt & Lawhon v. Butler, 2 Cir., 19 La.App. 570, 141 So. 433, and Westfall v. McCullough, La.App. 2 Cir., 187 So. 839.
In this suit plaintiffs demand judgment for the sum of $89,284.37, and in the companion suit they claim $63,000.00. The value of the property sequestered was estimated at from $10,000.00 to $50,000.00. The suits were filed on August 7, 1964, and the judgments appealed from were rendered and signed on December 18, 1964. Defendants' demands for the dissolution of the writs of sequestration and for damages has been strongly resisted by plaintiffs. It was necessary for defendants to file a number of different pleadings in each case, and the court minutes show that at least three hearings were held on the motions of defendants for dissolution of the writs and for damages. Defendants' attorney testified that he has devoted from sixty to seventy-five hours of his time toward drafting the motions to dissolve the writs, preparation for trial, conferences with clients, interviewing witnesses, preparing briefs, and in appearances in court. The record contains five briefs which were prepared by counsel for defendants and filed in the trial court relating to the issues being considered here. And one of the defendant partners testified that he had agreed to pay counsel for defendants $20.00 per hour for his services in obtaining a dissolution of the writs of sequestration, and that he has paid him the sum of $500.00 as an advance payment on such fees.
After considering all of the evidence, we feel that the award made by the trial court as attorney's fees is inadequate. In our opinion an award of $500.00 in each case, making an aggregate award of $1,000.00 for attorney's fees, would be fair and adequate. See American Steel Building Co., Inc. v. Brezner, La.App. 3 Cir., 158 So.2d 623; Victory Electric Works, Inc. v. Maryland Casualty Co., La.App. 4 Cir., 140 So.2d 182; and Tri-State Finance Corp. v. Surry, supra.
For the reasons herein assigned, therefore, the judgment appealed from in the instant suit is amended by increasing the award of damages to the defendants, M. T. Bradley and M. T. Bradley & Sons, from the sum of $125.00 to the sum of $500.00. In all other respects, and as thus amended, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiffs-appellees.
Amended and affirmed.