PRICE, Judge.
Enterprise Products Company has appealed the judgment rendered against it in favor of Joe T. Reeves, d/b/a Reeves Ford Tractor & Implement Company, for the sales price ($8,840) of a used Ford 4500 backhoe and tractor.
Enterprise is a corporation engaged in transporting, storage, and selling liquefied petroleum products.
In August 1976 the manager of its Arcadia, Louisiana terminal, T. J. Smith, was advised by a company official of the home office in Houston that the Arcadia terminal should purchase a used backhoe to save costs of renting equipment. Smith inquired if Reeves had a used backhoe and informed Reeves the company would spend approximately $8,500 for a good used machine. Either on this occasion, or in a subsequent conversation a short time later, Reeves informed Smith he had acquired a used ma *1082 chine in Lake Charles which he would sell to Enterprise for $8,500.
As a result of the negotiations described above between Smith and Reeves, the equipment was hauled from Lake Charles to Arcadia by Reeves, and some reconditioning work was performed on the equipment by Reeves’ employees. It was then delivered to the defendant’s plant and unloaded in the presence of Smith. On either the same day or the succeeding day an employee of Reeves delivered a sales invoice to the terminal office.
A dispute developed as to whether a binding agreement of sale had been consummated, and Enterprise refused to pay for the machine. Thereafter this suit was filed by Reeves to recover the purchase price of the alleged sale.
In defense of the action Enterprise contends: (1) that in Smith’s negotiations with Reeves there was no unconditional agreement to purchase the backhoe without an opportunity to view and test the machine; (2) that should it be found Smith had made an agreement of sale, he had no authority to bind defendant, Enterprise; (3) that should a sale with authority be found, then defendant is entitled to a rescission of the sale because of redhibitory vices in the equipment.
The trial court found Smith had agreed to a contract of sale and had apparent authority to bind his employer. The court further found there was insufficient proof to support defendant’s claim of a redhibito-ry vice. We affirm the trial court’s judgment based on these factual findings.
The issue of whether a sale was in fact consummated revolves around the conflicting testimony of Smith and plaintiff concerning whether Smith told plaintiff Enterprise would take the machine on being informed by plaintiff that he had found a good used backhoe in Lake Charles and that he would make any necessary repairs. If Smith did so inform plaintiff, then the requisites for a valid sale under La.C.C. Art. 2439 have been met. Proper resolution of conflicting testimony is determined by weighing the credibility of the witnesses, a task best borne by the trial judge, who in this case ruled in favor of plaintiff.
Although defendant correctly contends that a sale of a movable for more than $500 must be proved by one credible witness, citing C.C. Art. 2277, a party to the suit can serve as the credible witness. Bice v. Southside Motors, Inc., 344 So.2d 78 (La. App. 2d Cir. 1977).
Defendants’ second contention is that even if a sale was consummated, Smith did not have the authority to unconditionally accept the tractor, and therefore, defendant cannot be found liable as a principal. Plaintiff contends that even if Smith lacked actual authority, defendant placed Smith in a position to cause plaintiff to reasonably believe he was acting on behalf of defendant with proper authority, and defendant should be bound under the doctrine of apparent authority. The concept of apparent authority is derived from common law origin. See 8 LLR 409, 33 LLR 735. The term has been defined in the common law as “conduct by the principal which causes a third party reasonably to believe that a particular person, who may or may not be the principal’s agent, has authority to enter into negotiations or to make representations as his agent.” W. Seavy, Law of Agency § 8(D) (1964). In the facts before us defendant put Smith in the position of terminal manager granting him the authority to hire, fire, and control the terminal at his own discretion.
The vice-president of Enterprise admitted in his testimony Smith was instructed to negotiate for a used backhoe for the company. Reeves testified Smith told him he had been authorized to spend up to $8,500 for this equipment. Reeves had performed wrecker services for transport trucks for Enterprise at the request of Smith in past years and had always been paid by defendant. No purchase orders were issued in any of the past transactions. Under the circumstances presented Reeves could reasonably believe Smith had authority to act on behalf of defendant in the purchase of this movable equipment.
*1083 Defendant’s third contention is its alternative plea that if a sale was consummated, it should be rescinded because of defects which render the backhoe unsuitable for its intended purpose. Approximately a week after the backhoe was delivered, plaintiff’s operator, Bobby Gene Raburn, started the machine and attempted to raise the front end loader when the hydraulic hose burst. Defendant admits, however, that the bursting of a hydraulic hose is not unusual, and further concedes that the hose was replaced by plaintiff the following day. The other testimony by Raburn concerning the unsuitability of the machine details the alleged worn condition of pins, teeth, and bushings discovered on his visual inspection. Raburn admits, however, that the backhoe was never operated or tested in the manner for which it was intended to be used. The gist of Raburn’s testimony is that the machine had been used extensively and showed evidence that it had a limited period of satisfactory use remaining. Defendant offered no expert testimony to corroborate Raburn’s opinion of the condition of the machine. The trial judge found defendant did not carry the burden of proving the unsuitability of the backhoe for its intended use. As the backhoe was known to be a used machine, defendant cannot expect parts to be in new condition or the operational lifetime to be unlimited. The expectations for a used machine are commensurate with its quality and nature. Therefore, we find no error in the trial judge’s conclusion that defendant has not proven a redhibitory vice in the machine.
For the reasons assigned, the judgment is affirmed at appellant’s costs.