365 So.2d 17 (1978)
J. Bradley OUBRE
v.
Marshall HINCHMAN.
No. 9510.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1978.
Writ Refused December 14, 1978.
*18 John L. Diasselliss, III, LaPlace, for J. Bradley Oubre, Sr., defendant in reconvention-appellee.
Jack N. Rogers, Baton Rouge, for Marshall Hinchman, plaintiff in reconvention-appellant.
Before REDMANN, BOUTALL and GARRISON, JJ.
BOUTALL, Judge.
This case is before us on appeal after denial of a reconventional demand for damages for wrongful seizure.
The fact situation is as follows:
On January 9, 1976, J. Bradley Oubre, appellee in this action, filed a petition to collect past due rent from Marshall Hinchman, the appellant, in the amount of $366.00. A writ of sequestration was issued at the request of Oubre authorizing the seizure of "furniture and other movable property contained in the leased premises at 1017 First Street, Norco, Louisiana, including the house trailer in the yard." The seizure was executed by the sheriff on January 15, 1976 at the premises which Hinchman held as lessee. On January 23, 1976, Hinchman paid Oubre $400.00, receipt of which is shown in the record. On January 30, 1976, Hinchman obtained release of his property by posting a surety bond in the amount of $600.00.
Hinchman then answered the suit and reconvened for damages for wrongful use of the writ of sequestration on the grounds of excessive seizure and seizure of exempt material. On the day assigned for trial, the court dismissed the main demand since neither Oubre nor his counsel made an appearance. The reconventional demand was later answered and tried. The court rendered judgment in favor of Oubre, dismissing the reconventional demand with no written or oral reasons assigned. Hinchman then took this appeal.
Appellant contends that a seizure of property of a value in excess of a plaintiff's claim creates a cause of action for the defendant against whom the writ is wrongfully used under Article 3506 of Louisiana Code of Civil Procedure. This article states:
"Art. 3506. Dissolution of writ; damages
"The defendant by contradictory motion may obtain the dissolution of a writ of attachment or of sequestration, unless the plaintiff proves the grounds upon which the writ was issued. If the writ of attachment or of sequestration is dissolved, the action shall then proceed as if no writ had been issued.
"The court may allow damages for the wrongful issuance of a writ of attachment or of sequestration on a motion to dissolve, or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of the *19 writ may be included as an element of damages whether the writ is dissolved on motion or after trial on the merits."
Appellee, on the other hand, contends that damages can only be allowed for wrongful issuance of the writ.
Articles 3505 and 3507 read as follows:
"Art. 3505. Reduction of excessive seizure
"If the value of the property seized under a writ of attachment or of sequestration exceeds what is reasonably necessary to satisfy the plaintiff's claim, the defendant by contradictory motion may obtain the release of the excess."
* * * * * *
"Art. 3507. Release of property by defendant; security
"A defendant may obtain the release of the property seized under a writ of attachment or of sequestration by furnishing security for the satisfaction of any judgment which may be rendered against him."
It is clear from the wording of these two Articles that the proper remedy for excessive seizure is through an action to reduce the excess or by furnishing security and obtaining release of the property. The latter is precisely what the appellant did in this case. There is no provision in our law whereby a person can recover damages from a creditor for a seizure unless that seizure is wrongfully issued.
Appellant also argues, however, that the seizure was wrongful in that it seized the tools of his trade. Both Civil Code Article 2705, which establishes the lessor's privilege under which a lessor may seize movables on the leased premises upon non-payment of rent, and Louisiana Revised Statute 13:3881, the general statute on seizures, exempt tools of the trade from seizure. Damages have previously been allowed for this type of seizure. See Pope v. Spiers, 347 So.2d 1191 (La.App.1st Cir. 1977) and Cox v. Smith, 275 So.2d 459 (La.App.2d Cir. 1973).
The proper test for determining if certain items qualify as tools of the trade is found in Holt v. Flournoy, 24 So.2d 171 (La.App.2d Cir. 1945). The court stated:
"In cases of this character there is one question of prime importance, the answer to which inevitably determines the judgment, namely: Will the debtor be deprived, by the seizure and sale of the property involved, of a tool or instrument necessary for the exercise of his calling, trade or profession? There is, of course, a corollary to this question: Will the loss of the property seized prevent the debtor from continuing to follow the calling, trade or profession in which he has been engaged, and in which the particular property has been used?"
This test reduces the question to one of fact in which the circumstances of the particular case become the deciding factor.
There is substantial evidence in the record to the effect that the house trailer seized was used by Hinchman as his office in which his business telephone was located. He also kept most of the tools used in his business in this trailer.
We find that the house trailer in this fact situation was indeed a tool of the trade and, therefore, exempt from seizure. The writ, as sworn out by appellee, specifically included the house trailer in its order. Further, the evidence shows that Oubre was aware that Hinchman used this trailer as a part of his business. Since the trailer is exempt as a tool of the trade, a writ authorizing the seizure of such is wrongfully issued. We therefore feel that damages should be awarded.
The general rule in computing damages for the wrongful issuance of a writ of sequestration is stated in Talley v. Bradley, 177 So.2d 624 (La.App.3rd Cir. 1965):
"Where the sequestration has been wrongfully issued, the defendant is entitled to recover the actual damages which he sustained as a result thereof, including damages for loss of profit and loss of use of the movables sequestered. The proof to substantiate such claims of damages, however, must be clear and definite and not subject to conjecture." *20 The record is void of any concrete evidence as to loss of profit other than appellant's unsupported assertion that he lost $2,000 in income during the period of the seizure. This evidence is vague, little probative value, and does not meet the test set out above. Hinchman did, however, suffer some inconvenience in that he was forced to lay off a few employees for a short period of time and his tools were inaccessible to him. We therefore feel that damages should be awarded for loss of use of the movables sequestered in the amount of $750.00.
Attorney's fees are proper in an action for wrongful seizure and should be awarded. Bice v. Southside Motors, Inc., 344 So.2d 78 (La.App.2d Cir. 1977) and Article 3506, supra. The award, however, must be limited to that part of the fee dealing with the reconventional demand and must exclude that part dealing with defense of the original suit. Baham v. Sutherland, 197 So.2d 345 (La.App.4th Cir. 1967). Appellant prays for an award of $1500.00. There is no evidence in the record, however, as to apportionment of the fee or the reasonableness of this amount. We feel that an award of $250.00 would be reasonable for work done on the reconventional demand.
It is therefore ordered, adjudged and decreed, that the decision of the trial court be reversed. Judgment is rendered in favor of the appellant, Marshall Hinchman, and against appellee, J. Bradley Oubre, in the amount of $750.00 with legal interest from date of the filing of the reconventional demand, together with attorney's fees in the amount of $250.00. All costs of these proceedings in both courts to be paid by the appellee, J. Bradley Oubre.
REVERSED AND RENDERED.