442 So.2d 909 (1983)
F.W. CHAPMAN, III & H.C. Harris, Jr., Plaintiffs-Appellees,
v.
Emile STECKLER, Defendant-Appellant.
No. 83-422.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
Rehearing Denied January 13, 1984.
*910 Fruge & Vidrine, Jack C. Fruge, Sr., Ville Platte, for defendant-appellant.
Carrol L. Spell, Sr., Lafayette, for plaintiffs-appellees.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
STOKER, Judge.
This suit concerns damages for wrongful sequestration. Plaintiffs, F.W. Chapman, III, and H.C. Harris, Jr., instituted this action by a petition for sequestration in which they alleged that they were the owners of a Beech Baron airplane which defendant, Emile Steckler, had in his possession and refused to return. Based upon this petition and a supporting affidavit, a writ of sequestration was ordered on March 15, 1983. Pursuant to the writ, the Sheriff of St. Landry Parish, Louisiana, seized the airplane on March 17, 1983.
Upon learning of the seizure Mr. Steckler filed a motion to dissolve the writ on March 28, 1983, claiming damages resulting from wrongful sequestration. A hearing to show cause why the writ of sequestration should not be dissolved and why damages should not be awarded was held on April 13, 1983. In a judgment signed on April 26, 1983, the trial court gave judgment for Mr. Steckler ordering the writ of sequestration be dissolved and vacated and awarding him $350 in attorney's fees.
The only issues on appeal concern damages and attorney's fees. Mr. Steckler urges that the trial court erred in (1) failing to award damages for the wrongful sequestration and (2) only awarding $350 for attorney's fees. We hold that the trial court erred in both these respects and amend the judgment.

APPLICABLE LAW
A court may allow damages for the wrongful issuance of a writ of sequestration on a motion to dissolve, and attorney's fees for the services rendered in connection with the dissolution of the writ may be included as an element of damages. LSA-C.C.P. art. 3506. Where sequestration has been wrongfully issued, defendant is entitled to recover actual damages which he sustained as a result thereof, including damages for loss of profit, loss of use, and injuries to social standing or reputation as well as humiliation, inconvenience and mortification. LSA-C.C.P. art. 3506; Mathieu v. Nettles, 383 So.2d 1337 (La.App. 3rd Cir.1980), writ denied, 390 So.2d 202 (La. 1980); Talley v. Bradley, 177 So.2d 624 (La.App. 3rd Cir.1965).
The proof to substantiate claims of damages from wrongful sequestration must be clear and definite and not subject to conjecture. Talley v. Bradley, supra. The fact that a party seeking to recover damages because of wrongful sequestration cannot establish with certainty the amount of damages to which he is entitled does not discharge the person at whose instance the sequestration was issued from liability; rather, a court should fix the quantum of damages as best it can with the record before it. Mathieu v. Nettles, supra.
*911 A reviewing court has the authority to award attorney's fees by applying its knowledge as to the extent of services rendered and value thereof to the record before it. Mathieu v. Nettles, supra.

DAMAGES
The specific items of damages claimed by Mr. Steckler are: (1) loss of use, (2) indebtedness for interest due on the purchase price and (3) general damages. His airplane was wrongfully sequestered from March 17, 1983, to April 26, 1983.
Mr. Steckler alleges that during the period of sequestration he could have derived $5,940 in profit from his plane by letting Solar Equipment, a company with which he had some business dealings, use the plane. He claims that Solar Equipment's payments for such use would have enabled him to make a profit of $110 for each hour that they used the plane. This claim is in actuality one for loss of profits rather than for "loss of use". The record reveals that Mr. Steckler contradicted himself. He first testified that the payments made by Solar Equipment covered only his costs in operating the airplane. Later, he testified that he made profits of $110 per hour from these payments. We cannot say the trial judge was clearly wrong in finding that there was no loss in profits from the sequestration. However, we find that Mr. Steckler did not in fact have the airplane available for his own use during the period of wrongful sequestration and that the trial judge erred in not awarding him damages for the loss of use. We hold that Mr. Steckler is entitled to damages for the loss of use of his airplane in the amount of $1,500.
Mr. Steckler next alleges that Chapman and Harris are indebted to him for $1,188 in interest. We are unable to discern the basis for this claim. From plaintiff's assertions this is an amount calculated at $44.00 per day for twenty-seven days that the plane was under sequestration. The interest is apparently interest due on a mortgage note secured by mortgage on the plane. It is our understanding that Chapman and Harris made whatever payments were due during the period involved. However, even if plaintiff had made the payments the basis of the claim is not clear. Plaintiff asserts in his brief that he was indebted for this interest. If he was indebted for the interest, that fact is unrelated to his claim for damages for wrongful sequestration. No award will be made for the interest claim.
The next item claimed is for general damages. The sheriff seized the airplane by serving the writ of sequestration on the manager of the airport where the airplane was kept, and appointed the manager as custodian of the property. Mr. Steckler testified that people were surprised that something like this would happen to him and they asked him what was wrong. He claims that the seizure caused him embarrassment and humiliation, and he should be compensated for these emotional injuries. We agree. The airplane was seized at a public airport and remained under wrongful seizure for almost one month. Under these circumstances, we find that Mr. Steckler suffered the emotional injuries complained of and that the trial judge erred in not awarding damages for these injuries. We hold that Mr. Steckler be awarded damages for embarrassment and humiliation in the amount of $1,000.

ATTORNEY'S FEES
Finally, Mr. Steckler urges that the $350 in attorney's fees awarded by the trial court were inadequate. We agree.
The hearing on the motion to dissolve the writ of sequestration took one day. Several witnesses were called to testify. Additionally, counsel points out in his brief that he twice had to travel from Ville Platte to Opelousas, once to review the proceedings and to obtain a copy thereof from the clerk of court since Mr. Steckler was never served with the petition for sequestration, and a second time for the hearing on the motion to dissolve. We find that the award of $350 in attorney's fees is insufficient under the circumstances. We hold that *912 Mr. Steckler be awarded attorney's fees in the amount of $1,000.
For the reasons assigned, the judgment appealed from is amended by awarding Emile Steckler damages for (1) loss of use in the amount of $1,500 and (2) embarrassment and humiliation in the amount of $1,000. Additionally, the amount awarded for attorney's fees is increased from $350 to $1,000. The judgment against defendants, Chapman and Harris, is to be insolido. In all other respects, and as thus amended, the judgment appealed from is affirmed.
AMENDED AND AFFIRMED.