589 So.2d 610 (1991)
Virginia BURTON, Plaintiff-Appellee,
v.
Marcie JARDELL, Defendant-Appellant.
No. 22,991-CA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1991.
*611 Carso & Noel by Robert S. Noel, II, Monroe, for appellant.
Virginia Burton, in Pro. Per.
Before MARVIN, LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
The defendant (plaintiff-in-reconvention), Marcie Jardell, appeals from a trial court judgment in favor of the plaintiff, Virginia Burton, rejecting the defendant's claim for damages for wrongful sequestration of an automobile. We reverse in part the trial court judgment.

FACTS
By written lease, the plaintiff leased a residence to the defendant, Marcie Jardell, and another party, Denise Albritton. The one-year lease was to begin October 1, 1989, and was to expire September 30, 1990. Ms. Jardell and Ms. Albritton were to pay rent of $520 per month. They also paid the plaintiff a security deposit of $500 and paid a nonrefundable pet deposit fee of $100.
In late June or early July, Ms. Albritton moved out of the residence and left the state. Ms. Jardell could not afford to pay the entire monthly rent on the residence so she moved out of the house as well. The date Ms. Jardell vacated the premises is in dispute.
On July 12, 1990, upon returning from vacation, the plaintiff discovered that the residence had been vacated. The plaintiff contacted Ms. Jardell at her place of employment in Monroe, Louisiana on the evening of July 12, 1990. Ms. Jardell told the plaintiff that she and Ms. Albritton had indeed vacated the residence. The plaintiff claimed she also talked to the defendant on July 18 or July 20, 1990 and that the defendant said that she would pay the rent. However, no rental payment was made by Ms. Jardell for the month of July.
The plaintiff filed suit against the defendant in Monroe City Court on July 23, 1990, claiming past due rent, late charges and cleaning and repair damages. The total amount claimed by the plaintiff for these items was $949.
In connection with this suit, the plaintiff also sought to assert a lessor's lien against the defendant's automobile. The plaintiff obtained a writ of sequestration on July 25, 1990, and on July 27, 1990, the city marshal seized the defendant's 1988 Nissan Sentra automobile at the defendant's place of employment.
The defendant answered the plaintiff's petition in city court and by reconventional *612 demand claimed wrongful sequestration of her automobile. The defendant contended that under LSA-C.C. Art. 2709 the plaintiff was required to seize any property removed from the leased premises within 15 days after removal. The defendant contended that the plaintiff, in exercising her lessor's lien, seized the defendant's automobile beyond the 15 day period.
The trial court rendered judgment in favor of the plaintiff. In written reasons for judgment, the trial court found that the date the defendant moved was never clearly established, but the testimony was to the effect that a substantial part of the defendant's movable goods were removed from the property around July 6, 1990. In spite of this finding, the trial court, acknowledging that the plaintiff was required to seize the defendant's movable property within 15 days of the date of removal, counted the 15 day period from July 12, 1990, the date upon which the plaintiff discovered that the defendant had vacated the property. The court also found that the plaintiff had reason to require the writ to be issued because she knew the defendant was from Texas and might leave this state. Accordingly, finding the seizure of the defendant's vehicle to be proper, the court rejected the claims made by the defendant in her reconventional demand.
The trial court found the defendant owed $535.50 in rent and late charges. The court found that damages and cleaning fees in the amount of $413.50 were due but ruled that this amount was to be subtracted from the defendant's $500 security deposit, with the remainder of the deposit to be returned to the defendant. The trial court signed judgment in favor of the plaintiff on December 27, 1990.
The defendant appealed the trial court judgment denying her reconventional demand, contending that the trial court erred in refusing to award damages for the wrongful sequestration of her automobile.[1] The defendant also contends the trial court erred in finding that the seizure was justified by the likelihood of her flight from the court's jurisdiction.

WRONGFUL SEQUESTRATION
The defendant contends that the trial court erred in denying her claim for wrongful sequestration of her automobile. The defendant claims that, pursuant to the rights afforded a lessor in enforcing a lessor's lien, the plaintiff had only 15 days within which to seize the defendant's movable property which had been removed from the premises. The defendant claims that the seizure of her automobile occurred more than 15 days after removal and therefore was not lawful. This argument has merit.
LSA-C.C. Art. 2705 provides for a lessor's privilege on the lessee's movable property. That article provides, in pertinent part:
The lessor has, for the payment of his rent, and other obligations of the lease, a right of pledge on the movable effects of the lessee which are found on the property leased.
LSA-C.C. Art. 2709 sets forth the time period for enforcing the lessor's privilege. That article provides, in pertinent part:
A. In the exercise of this right, the lessor may seize the objects subject to his privilege before the lessee removes them from the leased premises, or within 15 days after they have been removed by the lessee without the consent of the lessor if they continue to be the property of the lessee and can be identified.
LSA-C.C.P. Art. 3571 provides grounds for obtaining a writ of sequestration:
When one claims the ownership or right to possession of property, or a mortgage, security interest, lien, or privilege thereon, he may have the property seized under a writ of sequestration if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the *613 property from the parish during the pendency of the action.
The writ of sequestration is an extremely harsh remedy. Sears, Roebuck and Company v. Guilbault, 452 So.2d 333 (La.App. 4th Cir.1984). A writ of sequestration can only be maintained when the formalities of the law have been strictly complied with by the parties seeking the writ. Matherne v. Estate of Matherne, 341 So.2d 1254 (La.App. 1st Cir.1976), writ denied 343 So.2d 1072 (La.1977).
Because sequestration is a harsh remedy, provisions for its enforcement must be strictly construed. LSA-C.C. Art. 2709 states that the lessor has 15 days to seize property after its removal from the leased premises. After that time, the privilege is lost.
LSA-C.C.P. Art. 3506 provides the remedy for attacking a writ of sequestration. That article provides:
The defendant by contradictory motion may obtain the dissolution of a writ of attachment or sequestration, unless the plaintiff proves the grounds upon which the writ was issued. If the writ of attachment or sequestration is dissolved, the action shall then proceed as if no writ had been issued.
The court may allow damages for the wrongful issuance of a writ of attachment or sequestration on a motion to dissolve or on a reconventional demand.
Under the clear terms of LSA-C.C. Art. 2709, the plaintiff must establish that the property was seized within 15 days of its removal from the leased premises.[2] Based upon the evidence contained in this record, we find that the plaintiff did not carry her burden of proving that the automobile was seized within 15 days after its removal from the leased premises.
The date upon which the defendant finally left the premises is in dispute. The defendant claims that she moved out of the residence over the July 4 holiday and that after July 4, 1990, she did not return to the property. At trial, the defendant presented the testimony of two witnesses, Stan Harrison, and Brian Cannon, who helped her move out of the leased premises on July 3 and 4, 1990.
This testimony is somewhat controverted by the plaintiff. Both the plaintiff and her husband, John L. Burton, testified that they saw a vehicle or vehicles at the leased property on July 6, 1990. The plaintiff stated, "I know for a fact that the automobile was there on the sixth of July. Because that's when I went out of town on vacation." The plaintiff did not describe "the automobile." John L. Burton testified that he went by the residence on July 6 and a black car and a white car were in the driveway. However, Mr. Burton never specified that either automobile belonged to the defendant.
The plaintiff returned from vacation on July 12, 1990, to discover that the premises had been vacated. All of the defendant's movable effects, including her automobile, had obviously been removed from the leased premises before that date.
In light of the defendant's specific testimony that she vacated the premises on the July 4 holiday, and the precise corroboration of her testimony by Mr. Harrison and Mr. Cannon, who remembered the event because it was a legal holiday, it is more probable than not that the defendant's property was, in fact, moved from the premises on July 4, 1990. Nevertheless, even accepting the testimony of the plaintiff and her husband that vehicles were observed on the premises on July 6, 1990, *614 as well as the trial court's finding to that effect (Ante p. 612), the seizure of the defendant's automobile on July 27, 1990, was untimely.
The trial court, contrary to its statement that a substantial part of the defendant's belongings had been removed by July 6, held that the writ of sequestration was timely because it was issued within 15 days of the date the plaintiff discovered the premises had been abandoned.
The trial court erred in counting the 15 day period from July 12. There is no authority for counting this period from the date of discovery of abandonment. LSA-C.C. Art. 2709 clearly provides that a lessor has 15 days after the lessee removes movable effects from the leased premises in which to effect a seizure. In this case, the plaintiff has offered no evidence to show that the automobile was on the premises on July 12. Under the evidence presented by the plaintiff at trial, the latest possible date that the automobile can be said to have been on the leased premises was July 6, 1990. Counting from July 6, 1990, the plaintiff was required to seize the defendant's property by July 23, 1990. The seizure by the city marshal did not occur until July 27, 1990.[3]
Under these circumstances, it cannot be said that the defendant's automobile was timely seized under the writ of sequestration. Therefore, the defendant is entitled to damages for wrongful seizure.

DAMAGES
The defendant argues the trial court erred in failing to consider her claim for damages for wrongful sequestration of her automobile. This argument has merit.
Because the seizure of the defendant's automobile was untimely and therefore improper, damages may be awarded pursuant to LSA-C.C.P. Art. 3506. Also, attorney fees for services rendered in connection with attacking the writ may be included as an extra element of damages.
The proof to substantiate a defendant's claim of damages must be clear and definite and not subject to conjecture. Holliman v. Griffis, 415 So.2d 306 (La. App.2d Cir.1982), writ denied 420 So.2d 456 (La.1982). A defendant is entitled to recover the actual damages which he has sustained, damages for loss of profit and loss of use of the movable sequestered. Talley v. Bradley, 177 So.2d 624 (La.App. 3rd Cir.1965); Oubre v. Hinchman, 365 So.2d 17 (La.App. 4th Cir.1978), writ denied 365 So.2d 1375 (La.1978); Bice v. Southside Motors, Inc., 344 So.2d 78 (La.App.2d Cir. 1977); Chapman v. Steckler, 442 So.2d 909 (La.App. 3rd Cir.1983); Belle v. Chase, 468 So.2d 744 (La.App. 5th Cir.1985).
In the present case, the defendant argues that she should be awarded the "fair market rental value" of loss of use of the vehicle from the date of seizure on July 27, 1990 until it was released from seizure on December 27, 1990. The defendant claimed at trial that she had obtained estimates from three different car rental agencies and found the maximum daily car rental for a car of the type she owned to be $47 per day and the minimum rental charge to be $38 per day. The defendant's testimony was less than precise and she offered no other proof or corroboration to establish the value of her loss of use of the vehicle. Under these circumstances, we do not find that the defendant has shown by clear and definite proof the amount of her damages.
However, the fact that a party seeking to recover damages because of wrongful sequestration cannot establish with certainty the amount of damages to which he is entitled does not discharge the person at whose instance the sequestration was issued from liability; rather, a court should fix the quantum of damages as best it can from the record before it. Chapman v. Steckler, supra.
The record in this case shows that the defendant's vehicle was seized on July 27, 1990 and she was able to post a surety *615 bond and have the car released on December 27, 1990. Although the defendant testified regarding rental rates for automobiles, she stated that she did not rent a vehicle to use while her vehicle was impounded. Rather, she testified that she was able to get rides with friends during this period. Although the defendant is entitled to some damages for loss of use of her vehicle and for embarrassment in having the vehicle seized in a public place, the defendant has been able to provide transportation for herself during the time the car was under seizure.
Under these circumstances, we find that the defendant is due damages in the amount of $500 for the wrongful sequestration of her vehicle.
The defendant also seeks an award of reasonable attorney fees. Under LSA-C.C.P. Art. 3506, attorney fees are proper in a suit for wrongful seizure, but the award must be limited to that part of the fee dealing with the reconventional demand attacking the writ and must exclude work done in defense of the original suit. Oubre v. Hinchman, supra; Belle v. Chase, supra.
In this case, the defendant has offered no evidence regarding the value of services rendered in connection with the reconventional demand or in appealing the adverse trial court judgment. In such a situation, a reviewing court has authority to make an award of attorney fees by applying its knowledge of the extent of the services rendered and the value thereof to the record before it. Texhoma Contractors Inc. v. Southern Shipbuilding Corporation, 337 So.2d 584 (La.App. 4th Cir. 1976); Chapman v. Steckler, supra; Belle v. Chase, supra. In this case, we find the defendant is due reasonable attorney fees of $500 in connection with the reconventional demand regarding the wrongful sequestration and the appeal from the adverse trial court judgment.

CONCLUSION
That portion of the trial court judgment rejecting the defendant's reconventional demand for damages for wrongful seizure is reversed and set aside. Accordingly, it is hereby ordered, adjudged and decreed, that the defendant (plaintiff-in-reconvention), be awarded $500 in damages plus $500 in attorney fees, plus legal interest thereon from the date of judicial demand, until paid.
Costs in the trial court are assessed one-half to the plaintiff and one-half to the defendant; costs in this court are assessed to the plaintiff.
REVERSED IN PART AND RENDERED.
NOTES
[1] The defendant does not appeal from that portion of the trial court judgment finding that she owed $535.50 in past due rent and late charges and $413.50 in cleaning and damages fees, to be satisfied from the $500 security deposit. Therefore, that portion of the judgment is final and is not considered in this opinion.
[2] We note that Pesson v. Kleckley, 526 So.2d 1220 (La.App. 3rd Cir.1988), indicates that the lessor's privilege is protected if the lessor files suit and seeks a writ of sequestration within 15 days after removal of property from leased premises. However, Pesson relies on Edmonds v. Totem Stores, 86 So.2d 104 (La.1956). The holding in Edmonds is based largely on Code of Practice Art. 288 which allowed enforcement of a lessor's privilege if the lessor declared under oath that the property was removed without the lessor's consent within 15 days prior to filing suit. However, Code of Practice Art. 288 was repealed with the enactment of the Code of Civil Procedure and its provision for filing suit within fifteen days of removal of property was not retained. Therefore, under the existing provisions of LSA-C.C. Art. 2709, the actual seizure must be effected within the 15 day period.
[3] Fifteen days after July 6, 1990 falls on Saturday, July 21, 1990, a legal holiday. Therefore under LSA-C.C.P. Art. 5059 the defendant had until July 23, 1990 to seize defendant's automobile.