NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-244

ACADIANA HELICOPTER SERVICE, LLC

VERSUS

JERRY SATTERFIELD

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF ST. MARTIN, NO. 84383
HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

VAN H. KYZAR

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Phyllis M. Keaty, Van H. Kyzar, and David E. Chatelain,[*] Judges.

**APPEAL IN DOCKET NUMBER 17-346 DISMISSED.
SUSPENSIVE APPEAL CONVERTED TO SUPERVISORY WRIT.**

Frank Barber, Attorney at Law
116 Field Street
New Iberia, Louisiana 70560
(337) 256-8370
Counsel for Defendant/Appellant:
    Jerry Satterfield

Barry Sallinger, Attorney at Law
820 East St. Mary Boulevard
Lafayette, Louisiana 70503
(337) 235-5791
Counsel for Plaintiff/Appellee:
    Acadiana Helicopter Service, LLC

---

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**KYZAR, Judge.**

Plaintiff, Acadiana Helicopter Service, LLC (AHS), filed a motion to dismiss the unlodged appeal taken by Defendant, Jerry Satterfield (Jerry). The appeal has since been lodged and bears docket number 17-346 in this court.

Michele Satterfield (Michele) is the authorized agent and majority shareholder of AHS. She and her husband, Jerry, were divorcing. AHS was created during the marriage. In the divorce proceedings, Michele and Jerry agreed to operate the business together until it could be partitioned. Michele filed a petition for accounting and for a writ of sequestration, alleging that Jerry was using AHS assets for his own personal benefit.

Jerry filed exceptions of lis pendens, res judicata, and nonconformity with La.Code Civ.P. arts. 891, *et seq.* A hearing on the petition for the writ of sequestration and the exceptions was held on October 12, 2016. On October 25, 2016, the trial court issued a judgment denying Jerry's exceptions and appointing Michele as keeper of the property of AHS. The judgment also ordered Jerry to return certain property and ordered Michele to vacate certain premises of which Jerry had been granted the use in the divorce proceedings. The judgment specifically stated that costs would not be assessed at that time and that they were "deferred until final disposition of this matter." Notice of judgment was issued on October 31, 2016, and Jerry timely filed a motion for suspensive appeal on November 29, 2016, seeking review of the denial of his exceptions, the grant of the writ of sequestration, and the appointment of Michele as keeper. The district court granted a suspensive appeal by order signed December 13, 2016. Since that time, the litigation has moved forward with motions for contempt, for sanctions, and to compel discovery.

AHS filed a motion to dismiss the appeal on the grounds that the October 25, 2016 judgment is an interlocutory judgment. An interlocutory judgment is one "that does not determine the merits but only preliminary matters in the course of the action." La.Code Civ.P. art. 1841. "[A]n interlocutory judgment is appealable only when expressly provided by law." La.Code Civ.P. art 2083(C).

Jerry raised the declinatory exception of lis pendens, the dilatory exception of nonconformity of the petition with La.Code Civ.P. art. 891, and the peremptory exception of res judicata. All three exceptions were denied. The denial of the exceptions of lis pendens and res judicata is an interlocutory ruling for which appellate review by suspensive appeal "is not expressly provided for by law[.]" *Roberson v. Roberson*, 12-2052, p. 4 (La.App. 1 Cir. 8/5/13), 122 So.3d 561, 564. The denial of a dilatory exception is also an interlocutory judgment. *State v. Hartley*, 614 So.2d 211 (La.App. 3 Cir. 1993). Moreover, the grant of a writ of sequestration is an interlocutory judgment. *Spiers v. Roye*, 04-2189 (La.App. 1 Cir. 2/10/06), 927 So.2d 1158, opinion set aside in part on rehearing on other grounds (5/19/06). Therefore this court finds that the October 25, 2016 judgment is an interlocutory judgment and is, therefore, not appealable.

"[T]he decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate courts." *Stelluto v. Stelluto*, 05-74, p. 7 (La. 6/29/05), 914 So.2d 34, 39; and La.Const. Art. V, §10(A). Appellate courts generally will not exercise this discretion "when an adequate remedy exists by appeal" after the entry of a final judgment. *Kimsey v. National Automotive Ins. Co.*, 13-856, p. 8 (La.App. 3 Cir. 2/12/14), 153 So.3d 1035, 1040. The grant of a writ of sequestration is "an extremely harsh remedy." *Burton v. Jardell*, 589 So.2d 610 (La.App. 2 Cir. 1991). Therefore, we find that the grant of a writ of sequestration

cannot, as a practical matter, be corrected on appeal following a final judgment on the merits. Moreover, the October 25, 2016 judgment is not subject to certification as a final judgment under La.Code Civ.P. art. 1915(B) because that article specifically refers to a partial judgment sustaining, not denying, an exception. *See Naquin v. Bollinger Shipyards, Inc.*, 11-1217 (La.App. 1 Cir. 9/7/12), 102 So.3d 875, *writs denied*, 12-2676, 12,-2754 (La. 2/8/13), 108 So.3d 87, 93.

In this instance, the judgment was signed on October 25, 2016. Notice of judgment was issued on October 31, 2016. Jerry's motion for suspensive appeal was filed on November 29, 2016. Accordingly, we exercise our discretion and construe the petition for appeal as a notice of intent to file supervisory writs. The suspensive appeal in docket number 17-346 is hereby dismissed, and Jerry is hereby given until May \_\_\_, 2017 (thirty days from the issuance of this opinion), to file a properly documented application for supervisory writs pursuant to Uniform Rules—Courts of Appeal, Rule 4–5.

**APPEAL IN DOCKET NUMBER 17-346 DISMISSED. SUSPENSIVE APPEAL CONVERTED TO SUPERVISORY WRIT.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.