STOKER, Judge.
The plaintiffs filed suit against Jim Ratliff, Carol Ratliff and World Oil & Gas Exploration, Inc., for unpaid royalties and damages due pursuant to a mineral lease between the parties. The plaintiffs requested that a writ of sequestration be issued and that the movables located on the leased premises be seized pursuant to their lessor’s privilege. Among the movables seized were a Ford one-ton pickup truck, a 7½ X 10 mud pump, a set of tongs, and various tools located on the truck. Randy Ratliff, who is not a party to the lease, intervened in the proceeding asserting his ownership of these movables and asked that the writ be dissolved insofar as it affected his property. Intervenor alleged that the property was necessary to the operation of his business. The record reveals that intervenor did business as Diamond R Well Service and was employed by his father, Jim Ratliff, in the work-over operations on the plaintiffs’ property. After a trial on the merits of the intervenor’s claim, the trial court denied the inter-venor’s motion to dissolve the writ of sequestration. The trial court concluded that the Louisiana Mineral Code should be applied, exclusive of the Louisiana Civil Code, where a conflict between the two codes exists. The intervenor has appealed the trial court’s judgment.
The issue presented here is whether there exists any remedy at law for the intervenor to recover his property seized to secure a lessor’s privilege in the context of a mineral lease to which he was not a party.
The intervenor argues that LSA-C.C. art. 2707 provides a remedy. The plaintiffs argue that the Mineral Code does not provide that remedy and that the Mineral Code should be applied exclusively.
LSA-R.S. 31:146, et seq. provide for a lessor’s privilege in the context of a mineral lease. Those articles read as follows:
“§ 146. Lessor’s privilege
*649 “The lessor of a mineral lease has, for the payment of his rent, and other obligations of the lease, a right of pledge on all equipment, machinery, and other property of the lessee on or attached to the property leased. The right also extends to property of others on or attached to the property leased by their express or implied consent in connection with or contemplation of operations on the lease or land unitized therewith.”
“147. Right to seize property on premises or within fifteen days of removal
“The mineral lessor may seize the property subject to his privilege before the lessee removes it from the leased premises, or within fifteen days after it has been removed by the lessee without the consent of the lessor, if it continues to be the property of the lessee, and can be identified.”
“§ 148. Manner of enforcement
“The mineral lessor may enforce his right of pledge in the same manner as the right of pledge accorded other lessors.”
LSA-R.S. 31:2 provides that:
“The provisions of this Code are supplementary to those of the Louisiana Civil Code and are applicable specifically to the subject matter of mineral law. In the event of conflict between the provisions of this Code and those of the Civil Code or other laws the provisions of this Code shall prevail. If this Code does not expressly or impliedly provide for a particular situation, the Civil Code or other laws are applicable.”
The pertinent provisions of the Civil Code governing leases are:
“Art. 2705. Lessor’s privilege and pledge on movables of lessee, exemptions
“The lessor has, for the payment of his rent, and other obligations of the lease, a right of pledge on the movable effects of the lessee, which are found on the property leased.
“In the case of predial estates, this right embraces everything that serves for the labors of the farm, the furniture of the lessee’s house, and the fruits produced during the lease of the land; and in the case of houses and other edifices, it includes the furniture of the lessee, and the merchandise contained in the house or apartment, if it be a store or shop.
“But the lessee shall be entitled to retain, out of the property subjected by law to the lessor’s privilege, his clothes and linen, and those of his spouse and family; his bed, bedding and bedstead, and those of his spouse and family; his arms, military accoutrements, and the tools and instruments necessary for the exercise of the trade or profession by which he gains his living and that of his family; one cooking stove and utensils of said stove; plates, dishes, knives, forks and spoons; all pots, pans and other cooking utensils; one dining table, and dining chairs necessary for himself and family. Amended by Acts 1934, No. 107: Acts 1979, No. 711, § 1.”
“Art. 2707. Movables belonging to third persons
“The lessor may lawfully seize movables belonging to a third person, when they are contained in the house or store by his own consent, express or implied. The owner is entitled to recover his property, but only by asserting his ownership prior to the judicial sale, in the manner provided by Article 1092 of the Code of Civil Procedure. If he fails to do so, the property may be sold as though it belonged to the lessee.
Amended by Acts 1984, No. 66, § 1.”
“Art. 3218. Lessor’s privilege, nature and extent
“The right which the lessor has over the products of the estate, and on the movables which are found on the place leased, for his rent, is of a higher nature than mere privilege. The latter is only enforced on the price arising from the sale of movables to which it applies.
It does not enable the creditor to take or keep the effects themselves specially. The lessor, on the contrary, may take the effects themselves and retain them until he is paid.”
*650 “Art. 3219. Method of enforcement of lessor’s privilege
“The privilege of the lessor is enforced on the property subject to it, in the manner described in the title: Of Lease.”
The conflict in this case arises as a result of the 1984 amendment of LSA-C.C. art. 2707. The issue is one of law, not of facts. Prior to 1984 this article did not contain a provision for asserting a claim of ownership of seized movables by intervention through utilization of LSA-C.C.P. art. 1092. That article provides:
“Art. 1092. Third person asserting ownership of, or mortgage or privilege on, seized property
“A third person claiming ownership of, or a mortgage or privilege on, property seized may assert his claim by intervention. If the third person asserts ownership of the seized property, the intervention may be filed at any time prior to the judicial sale of the seized property, and the court may grant him injunctive relief to prevent such sale before an adjudication of his claim of ownership.
“If the third person claims a mortgage or privilege on the entire property seized, whether superior or inferior to that of the seizing creditor, the intervention may be filed at any time prior to the distribution by the sheriff of the proceeds of the sale of the seized property, and the court shall order the sheriff to hold such proceeds subject to its further orders. When the intervener claims such a mortgage or privilege only on part of the property seized, and the intervention is filed prior to the judicial sale, the court may order the separate sale of the property on which the intervener claims a mortgage or privilege; or if a separate sale thereof is not feasible or necessary, or the intervener has no right thereto, the court may order the separate ap-praisement of the entire property seized and of the part thereof on which the intervener claims a mortgage or privilege.
“An intervener claiming the proceeds of a judicial sale does not thereby admit judicially the validity, nor is he estopped from asserting the invalidity, of the claim of the seizing creditor.
Amended by Acts 1962, No. 92, § 1.”
The question is whether the Mineral Code and the Civil Code are in conflict with respect to the right of a third party to protect his movables from seizure in such a situation as is presented in this case. In-tervenor asserts that there is no conflict and that LSA-R.S. 31:2 directs us to look to the Civil Code in this instance. We find that there is no conflict, rather there is an absence of express law in the Mineral Code governing this particular situation. The question now becomes whether the court should extend the remedy provided by LSA-C.C. art. 2707 to this situation.
The absence of express statutory provisions in the Mineral Code for the protection of third parties tempts us to essay a judicial emendation under authority of LSA-C.C. art. 21, but the comparatively recent redaction and adoption of the Mineral Code suggests that the matter is more appropriate for legislative consideration. In LSA-C.C. art. 2707 situations (the lease of a house or store), the legislature acted in 1984 to provide a remedy for third persons affected by seizures. On the contrary, no remedy has been provided for leases involving predial estates. LSA-C.C. art. 2705. The mineral lease provisions follow the scheme applicable to predial leases. LSA-R.S. 31:146. All three statutory provisions run in favor of the creditor-lessor in allowing the seizure of all movable effects found on or in the premises. Only LSA-C.C. art. 2707 contains within its own provisions a specific statement of right in favor of third parties to recover their seized property.
If there are inequities in the seizure statutes discussed above, we conclude that they address themselves to legislative consideration.
Although we may not extend LSA-C.C. art. 2707 to this case, other provisions of law grant the intervenor a means of relief. LSA-C.C. art. 2705 and LSA-R.S. 13:3881 provide general exemptions from seizure and sale of certain property. The intervenor alleged and established at trial that the seized property was used in his oil *651 field service business and that without this property he was forced to hire others, at a premium, to do work which he should have been able to do. Not only is the intervenor paying a mortgage note on the seized property, he is paying others to perform services he could perform. The determination that certain property is exempt is a factual one which was not made by the trial court in this case. Under Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975), we should make this determination, as all of the facts are before us in the record. It is our finding that the seizure of intervenor’s property deprived him of tools and instruments necessary for the exercise of his trade, calling, or profession. See Oubre v. Hinckman, 365 So.2d 17 (La.App. 4th Cir.), writ denied, 365 So.2d 1375 (La.1978).
Based upon this finding and the requisite proof of ownership presented in the court below, the writ of sequestration should be ordered dissolved as to that property shown in the trial court to belong to the intervenor herein.
Accordingly, the judgment of the trial court dated December 13, 1985 is hereby reversed, and judgment is rendered in favor of the intervenor, Randy Ratliff, dissolving the writ of sequestration insofar as it affects intervenor’s property. The costs of this appeal are assessed to the plaintiffs-appellees.
REVERSED AND RENDERED.