393 So.2d 345 (1980)
Jerry L. FINLEY et al.
v.
Odom GRAVES, Sheriff of Livingston et al.
No. 13800.
Court of Appeal of Louisiana, First Circuit.
December 15, 1980.
John R. Rarick, St. Francisville, for plaintiffs-appellees.
John Burgess, Livingston, Stephen W. Glusman and Stephan Broyles, Baton Rouge, for defendants-appellants.
Before ELLIS, COLE and WATKINS, JJ.
WATKINS, Judge.
This is an action brought by Jerry L. Finley, a practicing attorney, to obtain a preliminary injunction preventing a sheriff's sale of a Lanier No Problem Word Processor Typewriter which had been seized by the Livingston Parish Sheriff's Office under a writ of fieri facias, to obtain a mandamus ordering the sheriff to restore the possession of the typewriter to plaintiff, and to obtain damages and attorney's fees from the sheriff, the judgment creditor, Wray Williams Display Co., and an attorney, G. Thomas Arbour, apparently counsel for the judgment creditor. The trial court granted a preliminary injunction barring the sheriff's sale, and granted the sheriff's exception of no cause of action with respect to damages and attorney's fees. From that judgment, Wray Williams Display Co. and Arbour have appealed. We affirm.
Under LSA-R.S. 13:3881, the general Louisiana statute on seizure, "The tools, instruments, and books necessary to the exercise of a trade, calling, or profession by which [the debtor] earns his livelihood, in whole or in part..." are exempt from seizure. *346 The test of whether an object qualifies as a tool of instrument of the trade or profession is whether or not the tool or instrument is necessary for the exercise of the trade or profession, that is, whether or not the debtor will be prevented from exercising his trade or profession if he is deprived of the tool or instrument. We believe the latter question turns upon the former, and that the debtor cannot be deprived of the tools or instruments if the profession or trade cannot be practiced without them without severe hardship. See Oubre v. Hinchman, 365 So.2d 17 (La.App. 4th Cir. 1978), writ refused, 365 So.2d 1375 (1978).
Certainly, a typewriter is necessary to the practice of law, as is shown by affidavits of practicing attorneys introduced by Mr. Finley, and to deny the practicing lawyer a typewriter is to subject him to severe hardship and to place him in an almost untenable position vis a vis other lawyers, his clients, and the general public. We find that a typewriter is an instrument or tool used in the practice of law, and that a typewriter as used by a lawyer clearly falls within the scope of the statute.
Appellant further contends that a word processor typewriter is quite expensive, and that law could be practiced with a less expensive typewriter. The statute in question (LSA-R.S. 13:3881) does not distinguish between expensive and inexpensive tools, instruments, or books. The question of whether or not more expensive types or models of tools or instruments should be excluded from the coverage of the statute is a question for the legislature, not for the courts, to address. The statute as now written (the provisions of which we do not wish to imply are unsound) covers all instruments, tools, and books, expensive and inexpensive, provided they are necessary for the exercise of a trade, calling, or profession by which a debtor earns his livelihood. The statute clearly applies to the facts herein presented.
Accordingly, the judgment of the trial court is affirmed, at appellant's cost.
AFFIRMED.