**In re John Craig CRAWFORD and Mary Burns Crawford, Debtors.**

**Bankruptcy No. 482–00421–LC.**

United States Bankruptcy Court, W.D. Louisiana.

Oct. 14, 1982.

James J. Cox, Lake Charles, La., for debtors.

Ronald J. Bertrand, Lake Charles, La., for trustee.

S. S. Holland, Jr., trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

RODNEY BERNARD, Jr., Bankruptcy Judge.

This cause arises upon the trustee's objection to the debtors' claim of exemptions.

John Craig Crawford is a medical doctor claiming a 1978 Ford automobile to be exempt, as a tool of his trade. The trustee objected on the ground that La.R.S. 13:3881 does not provide for such an exemption.

Upon the trial of this matter the debtor testified, without contradiction, that he is employed as an emergency room physician at a local hospital; that he resides some distance from his place of employment and that he is subject to call on a twenty-four hour basis. His attorney argues that to deprive him of his automobile, his only mode of transportation, would visit an extreme hardship on the debtor and may deprive him of his present employment due to his inability to respond to his employer's call at odd hours.

The trustee argues that La.R.S. 13:3881, as amended in 1979, specifically deletes the exemption of a motor vehicle as a tool of the trade, unless it be a pickup truck.

The most recent bankruptcy case setting forth the principles under which Louisiana statutory exemptions, though not specifically enumerated, may be allowed, is *Matter of Hanks,* 11 B.R. 706 (1977). The decision of the Bankruptcy Court for the Western District of Louisiana, denying certain claimed exemptions, was appealed to the District Court which affirmed in part and reversed in part. The case was decided prior to the 1979 amendment of La.R.S. 13:3881. There, the Court quoted from the Louisiana Supreme Court in *A. Wilbert's Sons Lumber and Shingle Co. v. Ricard,* 167 La. 416, 119 So. 411 (1929):

> We agree with our learned brothers of the Court of Appeal that the exemption laws are in derogation of the general rule that all of a debtor's property is the common pledge of his creditors must be strictly construed. Such laws, however, are not to be so rigidly construed as to destroy their purpose and intent. Where the claim to exemptions can by a fair and reasonable interpretation be brought within the spirit and purpose of the statute, the exemption should be allowed.

The District Court went on to opine on its own, as follows:

As stated by the Court in Richard, supra, the exemption laws are not to be construed as to destroy their purpose and intent. It is axiomatic that the purpose of granting exemptions of the type we are presently dealing with is to allow the bankrupt to continue to function in his livelihood so that he does not become a ward of the State. The exemptions go this far but no farther. They are not intended to provide an incentive to take bankruptcy.

The cases cited above indicate that the Louisiana courts have interpreted the statute liberally. As long as the claimant earns his income in whole or in part from an instrumentality that he uses, he may claim an exemption.

There is no doubt that a doctor's automobile is a necessary tool of his trade, under the foregoing Louisiana case law. This is particularly so when the doctor lives some distance from his place of work where he treats patients on emergency basis, which emergencies can occur at any time of day or night. In such cases time is of the essence, often being the difference between life and death. The doctor, when called, cannot spare the time to seek out public transportation, ride a bicycle or borrow a neighbor's car. The Louisiana legislature, however, has seen fit to amend the exemption statute so as to specifically delete the automobile from the classification of tool or instrument of trade or profession. The wording of the statute is so specific that it leaves no room whatever for interpretation by a court.

An appropriate judgment will be signed upon submission, all costs to be paid by the debtor.