468 So.2d 744 (1985)
Felix J. BELLE
v.
Edgar H. CHASE.
No. 84-CA-582.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 1985.
*745 Robert M. Braiwick, Jr., New Orleans, for plaintiff-appellant.
Jacob Kansas, New Orleans, for defendant-appellee.
Before CHEHARDY, KLIEBERT and DUFRESNE, JJ.
KLIEBERT, Judge.
This is a suspensive appeal by plaintiff lessor, Felix F. Belle, from a judgment in favor of defendant lessee, Edgar D. Chase, dissolving plaintiff's writ of sequestration and awarding defendant $1,500 for wrongful issuance of a writ and $500 in attorney's fees. We affirm.
Belle originally filed a petition for three months past due rents due under a lease and for the sequestration of all movables located on the leased premises at 2843 Tennessee Street in Kenner, Louisiana. Pursuant to the writ of sequestration, the sheriff seized all movables located on the leased premises. These included air jacks, workbenches, engine analyzers, tire balancing machine and accessories, battery charger and wrenches.
Chase answered the suit and by separate petition sought to dissolve the writ of sequestration claiming his tools were exempt from seizure under the provisions of R.S. 13:3881. Hence, he prayed for the dissolution of the writ, damages and attorney fees.
At the hearing on the petition to dissolve the sequestration, Mr. Chase testified he was an auto mechanic by trade and, in order to follow his trade, needed his tools which had been seized under the writ of sequestration. He testified as to his inability to obtain employment in his trade because it is customary in the auto repair business for the mechanic to provide his own tools. In corroboration of his testimony, a Mrs. William Gillen, who, along with her husband operate a pile driving company, was called to testify. Mrs. Gillen testified that under her husband's authorization she hired Mr. Chase as a mechanic at $10.00 per hour. However, when he reported to her husband for work, he was immediately terminated because he had no tools and was unable to provide same.
A copy of the lease agreement was introduced. The lease stated the lessee was to operate an automobile repair shop on the leased premises. Additionally, plaintiff introduced invoices showing repair work was done by lessee on lessor's car at the leased premises. After the taking of evidence the trial court concluded the writ was wrongfully issued and awarded damages of $1,500.00 and $500.00 attorney fees.
On appeal Belle contends the trial court erred in concluding the seizure of the tools prevented Chase from engaging in his trade, the $1,500.00 damage award was excessive, and attorney's fees were improperly awarded.
La.R.S. 13:3881 provides:
General exemptions from seizure
A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
* * * * * *
(2) That property necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, which shall be limited to the following:
(a) Tools.
(b) Instruments.

*746 (c) Books.
(d) One pickup truck with a gross weight of less than three tons, or one motor vehicle, which does not possess any of the characteristics of a luxury automobile as defined under R.S. 39:365(B) which also shall not be a vehicle used solely for transportation to and from the place at which the debtor earns his livelihood; and
(e) One utility trailer.
This statutory provision requires a two step inquiry which was outlined in Holt v. Flournoy, 24 So.2d 171 (La.App. 2nd Cir. 1945), as follows:
In cases of this character there is one question of prime importance, the answer to which inevitably determines the judgment, namely: Will the debtor be deprived, by the seizure and sale of the property involved, of a tool or instrument necessary for the exercise of his calling, trade or profession? There is, of course, a corollary to this question: Will the loss of the property seized prevent the debtor from continuing to follow the calling, trade or profession in which he has been engaged, and in which the particular property has been used?
This determination is one of fact with the outcome depending on the particular facts of each case. Oubre v. Hinchman, 365 So.2d 17 (La.App. 4th Cir.1978). The evidence present in this case was sufficient for the district court to conclude at least some of the items seized were necessary for the exercise of Chase's trade as an auto mechanic and their seizure prevented him from engaging in his trade.
The rule for computing damages for wrongful issuance of a writ of sequestration is outlined in Talley v. Bradley, 177 So.2d 624 (La.App. 3rd Cir.1965).
Where the sequestration has been wrongfully issued, the defendant is entitled to recover the actual damages which he sustained as a result thereof, including damages for loss of profit and loss of use of the movables sequestered. The proof to substantiate such claims of damages, however, must be clear and definite and not subject to conjecture.
The record shows the lack of tools caused Chase to lose his employment. The seizure lasted from February 23, 1983 to June 21, 1983. Further, Chase suffered some inconvenience and distress in having his property wrongfully seized. We cannot say the trial court was manifestly erroneous in setting the damages at $1,500.00.
Attorney's fees are a proper item of damage in an action for wrongful sequestration; however, the compensable services are only for those involved in having the writ dissolved and does not include services rendered in defending the main demand. Mathieu v. Nettles, 383 So.2d 1337 (La. App. 3rd Cir.1980); Oubre v. Hinchman, supra.
No evidence was taken at trial with respect to the amount of services rendered in connection with the dissolution of the writ. However, the trial court had the opportunity to witness the bulk of the services performed by Mr. Chase's attorney. Further, this court can award attorney's fees based on the record before it. Mathieu v. Nettles, supra; Texhoma Contractors, Inc. v. Southern Shipbuilding Corp., 337 So.2d 584 (La.App. 4th Cir.1976). In our view the award of $500.00 is sufficient to compensate counsel for preparing the pleadings, appearing in court to dissolve the sequestration and answering this appeal.
Accordingly, the trial court's judgment is affirmed. The appellant is to bear all costs of the appeal.
AFFIRMED.