525 So.2d 1191 (1988)
Emile LADNIER
v.
Michael VILLAFRANCO and Frank Villafranco, d/b/a 4-M Printing.
No. 87-CA-912.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 1988.
*1192 Ned J. Chiro, Jefferson, for plaintiff/appellant.
Stephen M. Chouest, Metairie, for defendants/appellees.
Before CHEHARDY, DUFRESNE, and WICKER, JJ.
WICKER, Judge.
The plaintiff, Emile Ladnier, appeals the dissolution of a writ of sequestration obtained in connection with a suit for past due rent. We affirm.
Ladnier leased premises to Frank and Michael Villafranco, father and son, doing business as 4M Printing. When the rent payments were five months past due,[1] Ladnier sued in the 24th Judicial District Court for the Parish of Jefferson for payment of past due rent and for issuance of a writ of sequestration for the movables in the print shop. Concurrently, Ladnier filed suit in Justice of the Peace Court, requesting an order to vacate and deliver possession. Ladnier obtained both remedies: the writ of sequestration was granted, and an order to vacate and deliver possession of the premises was entered.
The Villafrancos had removed one truckload of equipment from the premises when they were served with the writ of sequestration. They moved to dissolve the sequestration and asked for damages for wrongful seizure. They argued that the articles seized were tools of their trade as printers and subject to an exemption from seizure. Ladnier responded that (1) the tools of the trade exemption didn't apply to partnerships and (2) the Villafrancos had abandoned the business of printing so this equipment was no longer the tools of their trade.
The trial judge heard Frank Villafranco testify that he had been in the printing business for thirty years; that he was still in the printing business but was having to farm the work out to others since his equipment had been seized; that he might have mentioned his intention to give up the business to avoid the pressures but had said that many times before; that he had agreed to sell one printing press but intended to replace it with a cheaper one; and that he had been an employee of another printing company recently but on a temporary basis. The judge also heard Ladnier testify that he had heard Villafranco make statements about going out of business but that he had no evidence to prove Villafranco was not in the printing business except for what he heard him say. The documents introduced were photographs of the print shop and its equipment and an unsigned agreement by Villafranco to sell a printing press to T.L.C. Printing Company, Inc. No copies of the lease, occupational license, or of any partnership agreement were introduced. In fact, there was no evidence whatsoever that a partnership had been formed except for the arguments urged by Ladnier's attorney.
The trial judge found that the sequestered movables were tools of trade and dissolved the writ; he also ordered that the proceeds of the sale of the printing press be paid into the registry of the court. He did not render judgment on whether 4M Printing was a partnership, although certain remarks from the bench indicate he believed it to be.[2] After appealing, Ladnier moved for and was granted an ex parte order "correcting" the judgment.[3]
The parties differ on whether the partnership issue is before this court. The Villafrancos point out that the judgment of the court is silent on partnership. Ladnier *1193 argues that the Villafrancos did not appeal from the judgment, which he alleges held that a partnership existed, and so cannot raise this issue. It is well established, however, that reasons for judgment do not constitute part of the final decree unless they are incorporated therein. L.S.A.-C. C.P. art. 1918; First Homestead Federal Savings and Loan Ass'n. v. Henry, 479 So.2d 644 (La.App. 1st Cir.1985), judgment reinstated 481 So.2d 621 (La.1986); Dinkins v. Broussard, 196 So.2d 636 (La.App. 1st Cir.1967). In any event, we are convinced that the existence of a partnership has not been proven.
Since we hold that a partnership does not exist, it is unnecessary to address the issue of whether a partnership is entitled to the "tools of the trade" exemption from seizure. The only issues to review are whether the Villafrancos used the printing presses and other equipment as a means of earning their livelihoods and whether, as Ladnier urges, the Villafrancos had abandoned the printing business.
Both the Revised Statutes and the Civil Code establish the exemption claimed by the Villafrancos.
The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
. . . .
(2) That property necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, which shall be limited to the following:
(a) Tools.
(b) Instruments.
. . . .
L.S.A.-R.S. 13:3881 A.
The lessor has, for the payment of his rent, and other obligations of the lease, a right of pledge on the movable effects of the lessee, which are found on the property leased.
. . . .
But the lessee shall be entitled to retain, out of the property subjected by law to the lessor's privilege ... the tools and instruments necessary for the exercise of the trade or profession by which he gains his living and that of his family....
L.S.A.-C.C. art. 2705.
The test of whether an object qualifies as a tool of (sic) instrument of the trade or profession is whether or not the tool or instrument is necessary for the exercise of the trade or profession, that is, whether or not the debtor will be prevented from exercising his trade or profession if he is deprived of the tool or instrument. We believe the latter question turns upon the former, and that the debtor cannot be deprived of the tools or instruments if the profession or trade cannot be practiced without them without severe hardship.
Finley v. Graves, 393 So.2d 345, 346 (La. App. 1st Cir.1980). See also Belle v. Chase, 468 So.2d 744 (La.App. 5th Cir. 1985). "This determination is one of fact with the outcome depending on the particular facts of each case." Belle v. Chase, supra at p. 746.
We hold that there was sufficient evidence before the trier of fact for him to have concluded that the Villafrancos, particularly Frank Villafranco, would be deprived of the tools necessary for them to earn a living; that this deprivation would prevent them from continuing in business as printers without severe hardship; and that they had not abandoned the printing business. We find no manifest error and affirm the trial judge's decision. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1979).
AFFIRMED.
NOTES
[1] Ladnier claimed past due rent and other damages totalling $4,800.00 plus interest, attorney's fees, and costs.
[2] "No. 1, I think it's a partnership. No. 2, when you bring in tools of the trade, I think a partnership, because it's composed of two natural people, it's not a fictitious person like a corporation is. So, therefore, you've got two natural people, just as in a marriage partnership, we can use that analogy. So, tools of the trade factor in; means a partnership can also be exempt from seizure of the tools of the trade."
[3] The trial judge signed an order amending the judgment after "the granting of the order of appeal and the timely filing of the appeal bond." Consequently, he had no jurisdiction to amend the judgment and his order so doing is null. L.S.A.-C.C.P. art. 2088.