BOWES, Judge.
This is an appeal from a judgment of the trial court which partially dissolved a writ of sequestration. We affirm.
STATEMENT OF THE CASE
On June 4, 1987, plaintiff, Huber Oil Company, Inc. (hereinafter “Huber”), and defendant, Paul Giovingo, Sr. (hereinafter “Giovingo”), entered into a lease agreement wherein Huber leased to Giovingo property on which Giovingo operated a service station. The lease also contained, among other provisions, a franchise agreement between the parties.
After defendant failed to pay the rentals due for July and August of 1991, plaintiff placed him in default under the terms of the lease and subsequently filed suit for breach of contract. Defendant reconvened, alleging that plaintiff breached the lease agreement by violating the terms of the franchise agreement.
On or about September 6, 1991, defendant left the leased premises and moved to a new location, taking with him various movables used in connection with his business, namely:
1. Top to Floor Safe;
2. One (1) Walk-in Box Display Cooler;
*138 3. Ice Merchandiser (glass door);
4. Miscellaneous merchandising gondolas (approximately 9); and
5. One (1) Step Stool on Rollers.
On September 11, 1991, pursuant to a writ of sequestration to enforce a lessor’s privilege, plaintiff seized various movables from defendant, including those moved from the leased premises to the new location.
On January 8, 1992, Giovingo filed a Re-conventional Demand, in which he alleged that these items were wrongfully seized, and in which he requested a Rule to Show Cause why the writ of sequestration should not be dissolved. A hearing was held in which the parties agreed to limit the request to dissolve the sequestration to those items taken by Giovingo from the leased premises to his new location. The trial court dissolved the writ of sequestration insofar as it related to those items, apparently finding that those items were “tools of the trade.”
Huber filed for and obtained a suspen-sive appeal which prevented the return of the movables to Giovingo.
ANALYSIS
LSA-R.S. 13:3881 provides in pertinent part:
A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:....
• (2) That property necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, which shall be limited to the following:
(a) Tools.
In addition, LSA C.C. Art. 2705 provides:
The lessor has, for the payment of his rent, and other obligations of the lease, a right of pledge on the movable effects of the lessee, which are found on the property leased.
In the case of predial estates, this right embraces everything that serves for the labors of the farm, the furniture of the lessee’s house, and the fruits produced during the' lease of the land; and in the case of houses and other edifices, it includes the furniture of the lessee, and the merchandise contained in the house or apartment, if it be a store or shop.
But the lessee shall be entitled to retain, out of the property subjected by law to the lessor’s privilege, his clothes and linen, and those of his spouse and family; his bed, bedding and bedstead, and those of his spouse and family; his arms, military accoutrements, and the tools and instruments necessary for the exercise of the trade or profession by which he gains his living and that of his family; one cooking stove and utensils of said stove; plates, dishes, knives, forks and spoons; all pots, pans and other cooking utensils; one dining table, and dining chairs necessary for himself and family.
At issue in this appeal is whether the trial court properly characterized the items released from the sequestration order as “tools or instruments” of defendant’s trade.
It has been established that:
The test of whether an object qualifies as a tool of (sic) instrument of the trade or profession is whether or not the tool or instrument is necessary for the exercise of the trade of profession, that is, whether or not the debtor will be prevented from exercising his trade or profession if he is deprived of the tool or instrument. We believe the latter question turns upon the former, and that the debtor cannot be deprived of the tools or instruments if the profession or trade cannot be practiced without them without severe hardship.
Ladnier v. Villafranco, 525 So.2d 1191, 1193 (La.App. 5 Cir.1988); Finley v. Graves, 393 So.2d 345, 346 (La.App. 1 Cir. 1980). See also Oubre v. Hinchman, 365 So.2d 17 (La.App. 4 Cir.1978), writ refused, 365 So.2d 1375 (La.1978).
Whether an object constitutes a “tool or instrument of the trade” is a factual determination with the outcome dependent on the particular facts of each case. Ladnier v. Villafranco, supra; Belle v. Chase, 468 So.2d 744 (La.App. 5 Cir.1985).
*139 The trial court in this case considered the evidence before it, including the testimony of Huber’s own witness, who testified, on cross-examination, that the movable property at issue was used by Giovingo on a daily basis in conducting his business and concluded that the movables were tools which were exempt from seizure.
The trier of fact is given much discretion in its findings of fact, and the Court of Appeal may not disturb these findings absent manifest error, or abuse of that discretion. Rosell v. ESCO, 549 So.2d 840 (La. 1989). We find no such abuse here.
Appellants make much of the fact that Giovingo did not attempt to recover the movables until four months after they were seized, and argue that this delay indicates that the movables were not necessary to Giovingo’s business.
From a reading of the briefs filed by both parties and from our own research, it appears that the only Louisiana case dealing with the issue of a delay in retrieving tools of the trade is Skelley v. Accounts Supervision Co., 53 So.2d 520, 522 (La. App. 2 Cir.1951). In that case, a badly damaged and disabled pick-up truck was seized by the Sheriff and advertised for sale. Plaintiff filed suit to arrest the sale and to have the truck declared exempt from seizure as a tool of his trade, that of independent painting, roofing and repair contractor. Defendants contended that because the truck had been so badly damaged and had been allowed to remain in a repair shop for two months, without any effort of plaintiff to restore it, plaintiff had abandoned the vehicle as a tool of his trade. Plaintiff testified that he could not pay for the repairs, that he had an offer to purchase the truck, and that he would have attempted to repair the truck himself had it not been seized.
The trial court found that the truck was exempt from seizure as a tool of the trade. On appeal, the Second Circuit agreed, stating:
When a chattel has been so employed by its owner as to acquire the quality of being a ‘tool or instrument’ necessary to the exercise of the trade, business or profession by which he earns a living, in order to divest such chattel of said quality, proof of such fact should be unusually clear. No presumption arises against the owner because of temporary non-use of the chattel for any reason.
[Emphasis supplied].
We agree with our brethren on the Second Circuit and rule likewise, being of the opinion that this is the better and more equitable view considering the length of time in this case. The testimony established that defendant utilized these objects on a daily basis until their seizure by the Sheriff’s office. Thus, they acquired the status of “tools of the trade.”
Giovingo avers in his brief that during the time the tools were under seizure, he was forced to rent similar tools in order to practice his trade; and we note that this case was decided by means of a directed verdict after the presentation of Huber’s case, so Giovingo never got the opportunity to testify to this. However, be that as it may, it is irrelevant because the fact that Giovingo waited four months before seeking the return of the seized movables creates no presumption against him, and under the circumstances of this case does not divest these movables of their status as a “tool or instrument” necessary to the exercise of Giovingo’s trade. Skelley, supra.
This assignment lacks merit.
DISPOSITION
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against appellant, Huber Oil Company, Inc.
AFFIRMED.