637 So.2d 739 (1994)
SUN COUNTRY DISTRIBUTORS OF LOUISIANA, INC.
v.
Gregory C. STARKEY.
No. CA 93 1733.
Court of Appeal of Louisiana, First Circuit.
May 20, 1994.
Paul A. Bonin, New Orleans, for plaintiff-appellant, Sun Country Distributors.
Ernest G. Drake, Jr., Ponchatoula, for defendant-appellee, Gregory Starkey.
Before EDWARDS, WATKINS and SHORTESS, JJ.
EDWARDS, Judge.
The plaintiff, Sun Country Distributors of Louisiana, Inc., appeals a judgment which held that certain items seized by the Sheriff *740 of Tangipahoa Parish are necessary tools or instruments of the defendant's trade and thereby exempt from seizure pursuant to LSA-R.S. 13:3881. After a thorough review of the record, we affirm.
The record establishes that the defendant, Greg Starkey, owned and operated Starkey Boat Works and manufactured fiberglass boats for various boat dealers around the state for approximately ten years prior to this litigation. Mr. Starkey testified that the manufacturing process employed by his company uses raw materials, a wax solution which is poured into a boat mold, and a chopper gun, which is used to spray a gel coat onto the boats.
In January, 1993, the plaintiff obtained a writ of fieri facias in an attempt to collect on a default judgment against the defendant, as a result of an action to collect on a promissory note. Pursuant to plaintiff's writ, the Sheriff of Tangipahoa Parish went to Starkey Boat Works and seized five boat molds[1] and a Binks fiberglass spray unit, or a chopper gun. The defendant then filed a petition seeking to enjoin the sale of this equipment, claiming that the boat molds and chopper gun are necessary tools of his trade as a boatmaker and exempt from seizure.
Plaintiff's primary contention on appeal is that the trial court's conclusion is erroneous in light of the testimony of two persons, one a qualified expert in boatmaking, to the effect that fiberglass boats could be made without the particular equipment seized. Plaintiff contends that this testimony established that the equipment was not "necessary" to the defendant's trade.
The test of whether an object qualifies as a tool or instrument of the trade or profession under LSA-R.S. 13:3881 is whether or not the tool or instrument is necessary for the exercise of the profession, that is, whether or not the debtor will be prevented from exercising his trade or profession if he is deprived of the tool or instrument. The latter question turns upon the former, and the debtor cannot be deprived of the tools or instruments if the profession or trade cannot be practiced without them without severe hardship. Finley v. Graves, 393 So.2d 345 (La.App. 1st Cir.1980); Ladnier v. Villafranco, 525 So.2d 1191, 1193 (La.App. 5th Cir.1988).
Mr. Starkey testified that when the boat molds and chopper gun were seized, he essentially went out of business, because he cannot make the boats without this equipment. He testified that he imagined there is probably a way to make the boats without the molds and the chopper gun, but that he, personally, had never done so and he does not know how to do so. Mr. Starkey's brother who was an employee of Starkey Boat Works prior to the seizure, testified that it is possible to make a fiberglass boat by hand, without the molds and the chopper gun, but that this method could not be employed to make a profit, as it is time consuming and not cost efficient.
The plaintiff is in the business of distributing raw materials to boat builders. Mr. Anthony Chisesi, vice president of Sun Country Distributors, testified that the application of raw materials to a boat mold could be effectuated manually, without the use of a chopper gun. However, he admitted that the same work could be accomplished much more efficiently with the use of a chopper gun. Finally, Mr. Carl Burney, a qualified expert in boat building, testified that it is possible to make fiberglass boats without the use of boat molds and a chopper gun, but he, too, admitted that it would be a lot more time consuming and costly to make the boats by hand.
Plaintiff/appellant claims that the testimony of Mr. Chisesi and Mr. Burney establishes that the equipment seized is not "necessary" to the defendant's trade, since the boats can be made manually. We disagree. In Finley v. Graves, supra, we held that a word processor typewriter was necessary to the practice of law and exempt under the statute. In Finley, as in the case before us, the appellant argued that since there were other, less expensive means of typing, that the word *741 processor typewriter which was seized was not "necessary" to the lawyer's practice. In Finley we rejected that argument. In this case, we reject it also. The record convinces us that it would be a severe hardship for Mr. Starkey to engage in his trade of making boats without the necessary equipment, just as we found it would be a severe hardship for a lawyer to practice his trade without a typewriter. Arguably, a lawyer's work could also be performed manually, as appellant argues Mr. Starkey's boats can be made. However, the exemption statute does not contemplate imposing such a severe hardship on a person's trade or profession.
For the foregoing reasons, we find no error in the trial court's judgment ordering the items seized from Mr. Starkey's business exempt from seizure. Accordingly, that judgment is affirmed; appellant is assessed all costs of this appeal.
AFFIRMED.
NOTES
[1] The molds seized were the following:

1-16' skiff mounted on wheels mold
1-18' fantail mold
1-21' fantail deep v. mold
1-21' tri hull mold
1-19' tri hull mold