United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 28, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-30311
_____

In The Matter Of: Tessie Belsome
                    Debtor

TESSIE BELSOME,

                                        Appellee,

                    v.

KARL BELSOME; RONALD J HOF, Chapter 7 Trustee,

                                        Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana

_____

Before REAVLEY, GARZA, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

This case concerns the classification of a school bus under the Louisiana statute that outlines exemptions available in a bankruptcy. Specifically, the question is whether a school bus is a tool or a motor vehicle under the state's exemption statute. Like the wheels on a bus, this issue has gone round and round the bankruptcy courts. For the reasons stated below, we hold that a school bus is a motor vehicle under Louisiana's exemption statute.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 28, 2004, Tessie Belsome ("Appellee") voluntarily filed for relief under Chapter 7 of the Bankruptcy Code. At the time of her filing, the Appellee worked as a school bus driver for the Jefferson Parish School System. She drove a 1997 Thomas school bus she financed through her credit union. In her bankruptcy filing, the Appellee filed an exemption for the school bus as a tool of her trade under La. Rev. Stat. § 13:3881(A)(2)(a). The bus is valued at $22,500 with a mortgage debt of $1514.

The Chapter 7 trustee and Belsome's former husband ("Appellants") filed objections to the Appellee's claim for the exemption. They argued that La. Rev. Stat. § 13:3881(A)(2)(a) does not apply because the bus is a motor vehicle, and the exemption is therefore limited to $7500 under La. Rev. Stat. § 13:3881(A)(2)(d). The bankruptcy court sustained the objections and allowed an exemption of only $7500. The Appellee appealed the order to the district court who reversed. The court held the bus fell within § 13:3881(A)(2)(a) rather than § 13:3881(A)(2)(d) because it is "a necessary tool for [the Appellee] to earn a living." This ruling allows the bus to be completely exempt from the bankruptcy. The Appellants filed a timely appeal to this Court.

## II. DISCUSSION

We review the district court's decision under the same standard that the district court used to review the bankruptcy

court's decision.  *Hodge v. Sinclair*, 417 F.3d 527, 529 (5th Cir. 2005); *Kennard v. Mbank Waco, N.A.*, 970 F.2d 1433, 1457 (5th Cir. 1992).  Here, the district court applied *de novo* review.  The only issue is a legal one, and, therefore, *de novo* is the appropriate standard.  *Hodge*, 417 F.3d at 529.

A.  Louisiana's Exemption Statute

Louisiana has opted out of the federal exemptions available to debtors under the Bankruptcy Code.  *See* 11 U.S.C. § 522(d) (2000) (defining federal exemptions).  Debtors in Louisiana can only choose exemptions available under the Louisiana exemption statute, La. Rev. Stat. § 13:3881.  It states:

> (A)  The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever, except as otherwise herein provided:
> . . . .
> (2)  That property necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, which shall be limited to the following:
> >  (a)  Tools.
> >  (b)  Instruments.
> >  (c)  Books.
> >  (d)  Seven thousand five hundred dollars in equity value for one motor vehicle per household, used by the debtor and his family household.  The equity value of the motor vehicle shall be based on the NADA retail value for the particular year, make and model.  The one motor vehicle may be used in exercising a trade, calling or profession or used for transportation to and from the place at which the debtor earns his livelihood.

La. Rev. Stat. Ann. § 13:3881(A)(2) (West Supp. 2005).

"[E]xemption statutes, being in derogation of the general rule of non-exemption, must be strictly construed, but not so as to destroy their purpose."  *In re Black*, 225 B.R. 610, 614 (Bankr.

3

M.D. La. 1998). That purpose is to "provide for the subsistence, welfare, and 'fresh start' of the debtor, to the end that his or her family will not be destitute and so that the debtor will not become a charge on the state." *In re Black*, 225 B.R. at 614. In deciding how to interpret the exemption, this Court must look at the plain meaning of the statute, focusing on "the words themselves." *In re Brown*, 189 B.R. 653, 661 (Bankr. M.D. La. 1995); *see also In re Black*, 225 B.R. at 614.

B. Bankruptcy Courts Split on Application of the Exemption Statute

The Louisiana Supreme Court has not interpreted the exemption statute as it relates to school busses and, therefore, it offers no guidance on the present issue. Similarly, Louisiana's intermediate courts offer little guidance as they have not interpreted the most recent version of the statute.[1] Given the federal nature of bankruptcy filings, the interpretation of La. Rev. Stat. § 13:3881 has, for the most part, taken place in federal bankruptcy courts. Those who have applied the exemption statute to school busses and similar vehicles have reached opposite results. *Compare In re Romano*, No. 04-19155, at 2 (Bankr. E.D. La. May 18, 2005) (holding

---

[1]*See Hamner & Co. v. Johnson*, 135 So. 77, 78 (La. Ct. App. 1931) (a truck used as a school bus was exempt from seizure as a tool necessary for continuing the debtor's trade); *cf. Jones v. Scott*, 167 So. 117, 119 (La. Ct. App. 1936) (a state judge's car was not exempt because it was not used in the discharge of his duties); *Termplan, Inc. v. Tucker*, 215 So. 2d 385, 386 (La. Ct. App. 1968) (traveling salesman's car was exempt because it was used in his trade).

that a bus fell within the "motor vehicle" exemption) *with In re Lewis*, No. 03-16552, at 4 (Bankr. E.D. La. Dec. 15, 2003) (holding that a truck driver's Freightliner truck fell within the "tools" exemption).

In *In re Vicknair*, 315 B.R. 822, 824 (Bankr. Ed. La. 2004), the bankruptcy court held that a 1996 Thomas Bus fell within Louisiana's "motor vehicle" exemption rather than the "tools" exemption.[2] The court looked to Louisiana law that provides, "when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made." *Id.* at 826. The court went further to state that "'courts should give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided.'" *In re Vicknair*, 315 B.R. at 826 (quoting *In re Succession of Boyter*, 756 So. 2d 1122, 1129 (La. 2000)). The court then concluded that La. Rev. Stat. § 13:3881(A)(2) as written limits the exemption for motor vehicles to $7500, and, therefore, the bus at issue could not be included under the "tools" exemption.

_____

[2]In *In re Vicknair*, the debtor tried to exempt two vehicles, the bus under the "tools" exemption and another vehicle under the "motor vehicle" exemption. The court held that the statute was clear that only one motor vehicle could be exempt. 315 B.R. at 829. It appears that debtors often try to exempt multiple vehicles. *See, e.g., In re Romano*, No. 04-19155, at 1 (Bankr. E.D. La. May 18, 2005) (attempting to exempt a school bus and a 1996 Chevy C1500).

*Id.*

The court in *In re Vicknair* provided a review of statutory changes to La. Rev. Stat. § 13:3881(A)(2). It pointed out that motor vehicles were first specified in Louisiana's exemption statute in 1979. *Id.* at 828. The 1979 version limited the exemption to "one pickup truck and trailer actually used in [the debtor's] trade."[3] *Id.* A later amendment to the statute limited the exemption to a pickup truck less than three tons or a nonluxury motor vehicle.[4] *Id.* The final change, in 2003, limited the exemption to $7500 in equity. The court found that the legislative history showed a repeated intent "to limit the exemption of motor vehicles." *Id.*

Two cases, *In re Crawford* and *In re Black*, show how courts

---

[3]The 1979 version of the statute exempted:

The tools, instruments, and books necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, in whole or in part, provided that motor vehicles and trailers, except one pickup truck and trailer actually used in his trade, shall not be deemed to fall within the provision of this paragraph.

La. Rev. Stat. Ann. § 13:3881(A)(2) (repealed 1982).

[4]The 1983 version of the statute exempted:

One pickup truck with a gross weight of less than three tons, or one motor vehicle, which does not possess any of the characteristics of a luxury automobile as defined under R.S. 39:365(B) which also shall not be a vehicle used solely for transportation to and from the place at which the debtor earns his livelihood.

La. Rev. Stat. Ann. § 13:3881(A)(2)(d) (repealed 2003).

interpreting the exemption statute have strictly applied the statutory language. In *In re Crawford*, 27 B.R. 24, 25 (Bankr. W.D. La. 1982), the bankruptcy court examined the 1979 version of the statute, which only exempted one pickup truck and trailer. The debtor was an emergency room doctor who was subject to emergency calls on a twenty-four hour basis. *Id.* He was seeking an exemption on his 1978 Ford automobile. *Id.* The bankruptcy court found that "[t]here is no doubt that a doctor's automobile is a necessary tool of his trade." *Id.* The court went further to state, "The Louisiana legislature, however, has seen fit to amend the exemption statute so as to specifically delete the automobile from the classification of tool or instrument of trade or profession. The wording of the statute is so specific that it leaves no room whatever for interpretation by a court." *Id.*

A similar holding resulted in *In re Black*, 225 B.R. at 625. There, the court had to determine if a dump truck could be exempt under the 1983 version of the statute, which did not allow for the exemption of a luxury vehicle. *Id.* at 612. The statute incorporated the definition of luxury vehicle as defined elsewhere in Louisiana law: "a wheelbase over 121 inches in length; a V8 engine with a displacement over 360 cubic inches; and a total weight over 4500 pounds." *Id.* The court held that the dump truck met the qualifications of a luxury vehicle, and, therefore, it did not fall within the motor vehicle exemption. *Id.* at 625.

7

Courts that have exempted vehicles under the "tools" provision have based their decisions on appeals to the broader purpose of the statute. *See, e.g.*, *In re Lewis*, No. 03-16552, at 5 ("The Debtor is a truck driver; the Freightliner is necessary for him to earn a living."). The statutory language of La. Rev. Stat. § 13:3881(A)(2)(a) does not define "tools," but Louisiana courts have crafted a test for determining what qualifies. The test is "whether the tool or instrument is necessary for the exercise of the profession, that is whether or not the debtor will be prevented from exercising his trade or profession if he is deprived of the tool or instrument." *Sun County Distribs. v. Starkey*, 637 So. 2d 739, 740 (La. Ct. App. 1994). While a school bus might fit this "functionality" test, this approach ignores the plain meaning of the statute. The language clearly establishes two categories: tools and motor vehicles. The functionality test might adequately judge the merit of other objects, but it fails to replace the judgment of the legislators who clearly desired a different rule for motor vehicles.[5]

---

[5]The Appellee argues that Louisiana law has two distinct definitions for "bus" and "motor vehicle," and therefore the legislature did not intend for "busses" to be considered "motor vehicles" under the exemption statute. *See* La. Rev. Stat. Ann. § 32:1(5) (2002), defining "bus," and La. Rev. Stat. Ann. § 32:1(40) (2002), defining "motor vehicle"). The Appellee fails to cite La. Rev. Stat. § 32:1(62), which defines a "school bus" as "every *motor vehicle* that complies with the color, equipment, and identification requirements set forth in this Chapter and is used to transport children to and from school . . . ." La. Rev. Stat. Ann. § 32:1(62) (2002) (emphasis added).

C.  A School Bus Falls Within the Motor Vehicle Exemption,
§ 13:3881(A)(2)(d)

The statutory language of La. Rev. Stat. § 13:3881(A)(2)(d) is clear. The legislature drafted a specific exemption for motor vehicles, and that provision must apply to all motor vehicles, including school busses. This follows the cannon of statutory construction that allows specific language of a statute to trump general language. Here, "motor vehicle" is the more specific term. The statute states that the exempted motor vehicle "may be used in exercising a trade, calling or profession." La. Rev. Stat. Ann. § 13:3881(A)(2)(d). If such a vehicle fell within the "tools" exemption, this language would become superfluous. In addition, the Louisiana legislature was clear that only one motor vehicle would qualify for an exemption. If this Court were to find that a school bus fell with the "tools" provision, a debtor could seek to exempt a second vehicle under the "motor vehicle" exemption.

The motor vehicle exemption provision has a history of precise limitations: first to one pickup truck and trailer, then to a pickup truck less than three tons or a nonluxury motor vehicle, and

---

In a similar argument, the Appellee suggests that the legislature did not intend busses to be a part of the motor vehicle exemption, because the provision specifically references the "NADA retail value," and NADA does not include bus values. The provision in no way lists the NADA valuation as a condition of the exemption, and, as the Appellants point out, the Appellee's interpretation would make it so that new cars do not fall within the exemption because NADA only applies to used vehicles.

now to $7500 in equity.  This Court will not expand on what the legislature has clearly intended to limit.

### III.  CONCLUSION

A school bus falls within Louisiana's "motor vehicle" exemption as seen by the clear meaning of the statutory language. For this reason, the district court's judgment is VACATED and REMANDED for proceedings consistent with this opinion.